VICTORIA SABLAN SAN NICHOLAS, et al.
Plaintiffs-Appellees

v.

MANUEL B. HECHANOVA, et al.
Defendants-Appellants

Civil No. 1188-75
District Court of Guam, Appellate Division
February 4, 1980

- - - - -

- - - - -

DUENAS, District Judge; LAURETA, District Judge; BURNETT, Designated Judge.

OPINION

PER CURIAM:
This appeal results from the trial court's order compelling settlement of a land sales contract. The merits as to the actual rights and obligation between the buyers and sellers are not subject of this appeal; the only issue before us is whether the January 8, 1979 Order of the Superior Court purporting to enforce a settlement agreement made to the court by the parties during trial was error.

First, we have determined that the defendants-appellants may prosecute this appeal independently of any partnership agreement which it might have with other defendants. Section 938 of the Guam Civil Code provides in part that "Any party aggrieved may appeal in the cases prescribed in this Title." See 4 Cal.Jur.3d, Appellate Review, §102, for an interpretation of the identical California statute. In addition to the weight to be given to this statutory alteration of the common law, it should be noted that the settlement agreement in question concerns several individual rights and obligations which are distinct from any joint venture or partnership relationships.

First, we agree with the defendants-appellants that the court committed error when it held that upon sale of the property in question the plaintiffs only had to pay Ten Thousand Dollars and then pay the remaining Ten Thousand Dollars in two yearly installments of Five Thousand Dollars. This order was in direct contradiction to the representation

176

made when the parties informed the court of their settlement agreement:

> "Mr. Haut [counsel for plaintiffs]: In exchange on the part of the Defendants, the Plaintiffs will execute two (2) promissory notes. The promissory note in favor of Guam United Trading and Financing Company [the appellant] in the amount of $20,000 with terms to be decided upon between counsel for the parties as we get into the process of drafting that, <u>payable in ten (10) years or at the sale of the property in question, whichever comes first</u>. Second, the Plaintiffs will execute a promissory note in the name of Defendant Hechanova for $10,000 on the same terms, payable in ten (10) years or if the property was sold, whichever comes first. That covers the law suit and that takes care of that. (Transcript, Exhibit 1 to Plaintiffs' Motion to compel. Emphasis Supplied.)

Second, we must determine whether or not the court should have provided for a mortgage in favor of the defendants so that their right to secure payments due them under the settlement agreement would be protected. While it is true that the question of a mortgage was never discussed by the parties in open court, it seems very unlikely that any party would contemplate transferring over an interest in realty without an adequate security interest. In the normal course of business dealings, a mortgage or some similar security interest would be expected, and it is the opinion of this Court that granting a mortgage in favor of the defendants would do less violence to the intention of the parties, while at the same time protecting defendant's equitable interests in the property which it was conveying.

The plaintiffs have argued that as an appellate court we should not disturb the express findings of the trial court unless they are clearly erroneous. However, here it seems clear that the trial court chose to ignore certain representations made in open court as to the terms of immediate payment upon the sale of the property in question. Also, the normal presumption that a seller of realty will require a mortgage or security agreement, made it necessary for the trial court to include such a mortgage requirement in its order to compel settlement.

Based on the analysis above, the January 8, 1979 Order of the Superior Court compelling settlement in the above-captioned case is vacated, with directions to the Court to file a new order consistent with this Opinion.[1]

Reversed and remanded.

Footnote:
1. A comment about the appeal record is appropriate here, especially in light of the recent amendment to the District Court Rules of Appellate Procedure stating that sanctions will be imposed against counsel who unreasonably order excessive parts of the record (Rule 8(b)). The several hundred page glut which made up the record in this case was totally unnecessary; based on the one issue on appeal, a record several pages long was all that was required. Ironically enough, the one key portion of the trial hearing relative to appeal was not even included in the transcripts which were transmitted from the Superior Court. Had the new Rules of Appellate Procedure been in effect during the pendency of this appeal, sanctions against the responsible attorneys would have been appropriate.